FRANK    SULLIVAN    *v.*    THE    SHIP    "EDWARD SEWALL."

·December 16, 1915.

*Dismissal of proceedings out of court:*   Agreement out of court between parties to litigation, viewed with suspicion by courts, but this suspicion may be overcome by preponderance of evidence.

*In Admiralty:*   Motion to strike plea in bar.

*G. S. Curry* for the libelant.
*R. W. Breckons* for the libellee.

DOLE, J.   This suit was brought April 27, 1912, and answer was made May 3, 1912.   The libel was for damages to the libelant in that he was injured while up aloft at sea, by the breaking of a part of the rigging of the vessel, of the crew of which he was a member, causing painful injuries to his face and hands.   Libelant was allowed to bring proceedings without advancing costs, under a pauper's oath.

On the 18th day of May, 1912, the libellee filed a plea

in bar, setting forth a copy of a release by the libelant, discontinuing the case in consideration of the sum of fifty dollars and settlement of his wages. On the same day the proctor for libelant filed a motion that the release and discontinuance of the action filed by the proctor for libellee be declared null and void and stricken from the records, alleging certain reasons therefor relating to the libelant's youth and weak mental condition, which was enhanced by the injuries he had received—the basis of this action—and also that he had been given liquor by the master and some agent of the libellee, under the influence of which he had signed the release, being at the time mentally incapable of making a contract. The affidavit of the libelant was attached to the motion, and supports it in detail.

The deposition of the master, who had in the meantime left the Territory, was finally obtained and filed herein on October 1, 1914, denying generally the statements of the libelant's affidavit.

The release of the libelant stated that it was made without the knowledge of his attorneys. It does not appear that the proctors for the libellee had anything to do with said release, which is a satisfaction to the court, inasmuch as such action by members of the bar of this court, dealing with an opposite party without the benefit of the advice of his own proctors, would be considered as unprofessional.

I offer the following citations as dealing with the law relating to this plea in bar:

"Where parties have once submitted their rights to the jurisdiction of Equity, a private agreement between themselves, out of court, will not operate as a dismissal of the bill, and a stay of proceedings in the suit. Some step must be taken in court, either by motion to dismiss the bill, or to stay proceedings." Hovenden on Frauds, 83.

"Supposing Wood had applied to this court to stay proceedings, and had produced this agreement; and the other party had said, When that agreement was signed I was in the King's Bench prison, and had nobody near me but the

other parties and their attorneys: would the court have acted upon an agreement of that sort? I think, undoubtedly, not." *Rowe v. Wood,* 1 Jacob & Walker 345 (37 English Reprint, 396, 404).

The case as it stands is unsatisfactory to the court, inasmuch as the libelant, in his affidavit attached to the motion for setting aside the release, states that the second mate of the libellee, whose name is Snyder, having given him two large drinks of whiskey, induced him to go to the ship, and that upon reaching the ship, the master, Captain Quick, was waiting for him and then made the propositions of settlement; the first for one hundred dollars, the libelant to remain with the ship for the voyage to New York, which was rejected; the second, an offer of fifty dollars and settlement of wages, being accepted. No testimony has been produced from this man Snyder, the real actor in the plan of creating a state of intoxication in libelant and in said condition obtaining the release in question, according to the affidavit of libelant.

In addition, however, to the deposition of the captain, I have referred to the testimony of three witnesses who were present at the execution of the release or discontinuance. These were the notary public who took the acknowledgment, Frank Fernandez; J. K. Clarke, a clerk in Hind, Rolph & Company's offices; and George McCorriston. These witnesses were examined and cross-examined on the question of the mental condition and capacity of the libelant at the time when he executed the release, and they all agree that, so far as they could judge, he was perfectly sober, and no one of them had any doubt that he was so.

With this testimony, in addition to that of the captain, although I regret not having the testimony of the mate Snyder, who was the man charged in libelant's affidavit with having furnished him with liquor, I do not feel that I can sustain the motion of libelant that the said release

and discontinuance of the action be declared null and void and stricken from the record. The same is, therefore, denied and the release by libelant, discontinuing the case in consideration of the money named therein, is sustained and the suit is discontinued; the libellee to pay its own costs.